UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C21-5085-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings.

## BACKGROUND

Plaintiff was born in 1984; has a high school diploma and additional vocational training; and has worked as a rideshare driver, courier, shipyard labor coordinator, Army petroleum specialist, and security guard. AR 44-50, 190-91. Plaintiff was last gainfully employed in 2020. AR 50.

In September 2018, Plaintiff applied for benefits, alleging disability as of September 15,

2017.[1]  AR 157-61.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 100-02, 106-08, 112-13. After the ALJ conducted a hearing in June 2020 (AR 35-77), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-29.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity between his alleged onset date and his date last insured ("DLI") of December 31, 2017.

**Step two**:  Through the DLI, Plaintiff had the following severe impairments: avascular necrosis and posttraumatic osteoarthritis of the left hip, status-post replacement; lumbar degenerative disc disease; left knee abnormality; posttraumatic stress disorder ("PTSD"); and major depressive disorder.

**Step three**:  Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC")**:  Through the DLI, Plaintiff could perform sedentary work with additional limitations: he could frequently climb ramps and stairs, but could never climb ladders, ropes, and scaffolds.  He could frequently balance and occasionally stoop, kneel, crouch, and crawl.  He could not work with conveyor belt-paced production requirements.  He could perform work with standard work breaks.

**Step four**:  Through the DLI, Plaintiff could not perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed through the DLI, Plaintiff was not disabled through his DLI.

AR 15-29.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

---

[1] Plaintiff amended his alleged onset date to October 20, 2016.  AR 15, 171.
[2] 20 C.F.R. § 404.1520.
[3] 20 C.F.R. Part 404, Subpart P, App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing certain medical opinions written by examining psychologists, and in discounting his allegations of disabling mental limitations.[4] The

---

[4] For the first time on reply, Plaintiff also challenges the terms of the Commissioner's appointment. Dkt. 16 at 1-4. Because this case must be remanded on other grounds, as explained herein, the Court need not address this issue.

Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

> **A.    The ALJ Did Not Harmfully Err in Discounting Plaintiff's Mental Allegations**

The ALJ summarized Plaintiff's physical and mental allegations and explained that he discounted them because (1) the objective evidence fails to corroborate the extent of his alleged hip disorders; (2) his back problems were treated only conservatively and the record contains few abnormal findings related to his back; (3) the record does not corroborate Plaintiff's alleged knee problems before the DLI; (4) Plaintiff received no consistent mental health treatment during the adjudicated period, and his treatment notes contain normal mental findings as well as his denial of mental symptoms; and (5) his activities (working, interacting with others as a rideshare driver, caring for himself and his children) are also inconsistent with his alleged physical and mental limitations.  AR 21-24.  In the Ninth Circuit, an ALJ's reasons to discount a claimant's allegations must be clear and convincing.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff does not challenge the ALJ's assessment of his physical allegations, but argues that the ALJ erred in discounting his mental allegations.  Dkt. 11 at 11-13.  Plaintiff argues that although the ALJ found his work activity to be inconsistent with his mental allegations, his work during the adjudicated period did not constitute substantial gainful activity and he eventually had to stop his driving job due to his pain medications.  Dkt. 11 at 12.  This challenge does not reveal error in the ALJ's reasoning, however: the ALJ agreed that Plaintiff did not engage in substantial gainful activity during the adjudicated period (AR 17) and instead focused on the inconsistency between the Plaintiff's job activities (operating a hauling business and working as a rideshare driver) with his alleged mental symptoms.  *See* AR 19-20, 23.  Even if Plaintiff's work did not

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

rise to the level of substantial gainful activity, his work activities nonetheless demonstrate that Plaintiff retains sufficient memory and concentration to drive, that he can tolerate social interaction with the public, and can follow instructions and complete tasks. *See id*. Plaintiff has not shown that the ALJ erred in finding that Plaintiff's work activities were inconsistent with his allegations of disabling mental limitations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

With respect to Plaintiff's lack of mental health treatment, Plaintiff emphasizes that he was diagnosed in November 2016 as well as January 2019 with PTSD and depression. Dkt. 11 at 12-13 (citing AR 733, 1338-47). Plaintiff argues that the ALJ did not identify what treatment would have been helpful for those conditions. *Id*. Plaintiff misses the ALJ's point: the ALJ is not a psychologist and was not obligated to form treatment recommendations, and Plaintiff does not dispute that he did not receive any mental health treatment during the period although treatment was recommended. *See, e.g.*, AR 1346. Furthermore, Plaintiff does not dispute that, as the ALJ found, he denied mental health symptoms and his providers noted normal mental functioning during the period. *See* AR 23 (citing AR 310, 725-26, 1487). On this record, the ALJ did not err in finding that Plaintiff's unexplained lack of treatment for his diagnosed conditions undermines his allegation that those conditions are disabling. *See Molina*, 674 F.3d at 1113-14. Although Plaintiff emphasizes that traumatic events gave rise to his PTSD (Dkt. 11 at 13), nothing in the ALJ's decision suggests that he disbelieved Plaintiff's diagnosis or the underlying trauma. The ALJ included PTSD as a severe impairment at step two and indicated that Plaintiff's mental conditions suggested that he was limited in his ability to work at a production pace. AR 18, 23.

Plaintiff also argues that the ALJ erred in finding that the connection between Plaintiff's mental distress and physical pain undermined the severity of his limitations. Dkt. 11 at 12. The Court agrees that this line of the ALJ's reasoning is not convincing, but this error is harmless in light of the multiple other valid reasons the ALJ provided for discounting Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Because Plaintiff has not shown that the ALJ harmfully erred in discounting his mental allegations, the Court affirms this portion of the ALJ's decision.

**B.     The ALJ Erred in Assessing Medical Opinions**

Plaintiff challenges the ALJ's assessment of opinions written by Robin Ferguson, Ph.D., and James Hopfenbeck, M.D., and argues that the ALJ erred in failing to address an examination report written by Gregory Nicholson, M.D. The Court will address each disputed opinion in turn.

*1.     Legal Standards*

In assessing Plaintiff's 2018 application for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the U.S. Court of Appeals for the Ninth Circuit. *See* Dkt. 15 at 8-11. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that

the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

### 2. Dr. Ferguson

Dr. Ferguson examined Plaintiff in January 2019 (AR 1060-65) and provided an addendum in March 2019 describing Plaintiff's mental RFC:

> [Plaintiff] needs an occupational setting with a minimum of stress which means that routine, simple work is best for him right now. [Plaintiff] is considered fully capable of managing funds in his own best interest. [Plaintiff's service-connected] mental disorder does not impair the ability to understand and follow instructions. [Plaintiff's service-connected] mental disorder does not impair the ability to retain instructions or sustain attention in simple tasks, but it may contribute to mild impairment in sustaining concentration on complex tasks. [Plaintiff's service-connected] mental disorder may contribute to mild impairment in task persistence and pace. The [service-connected] mental disorder may contribute to mild and moderate impairment in the ability to respond appropriately to coworkers, supervisors, or the general public. [Plaintiff's service-connected] mental disorder may contribute to moderate impairment in ability to respond appropriately to changes in the work setting.

AR 1048. The ALJ found Dr. Ferguson's addendum to be partially supported by her January 2019 examination, but inconsistent with Plaintiff's minimal mental health treatment during the period, as well as his work and childcare activities. AR 26. The ALJ specifically found Dr. Ferguson's opinion that Plaintiff required simple, routine work to be inconsistent with the

DECISION - 7

evidence that Plaintiff "managed a business." *Id*. The ALJ also emphasized that Dr. Ferguson opined that many of Plaintiff's symptoms "can be attributed to coping with chronic pain and physical limitations resulting from a 2010 motorcycle accident" (AR 1062), and found this opinion to be inconsistent with Dr. Ferguson's opinion as to the severity of Plaintiff's mental limitations. AR 26.

Plaintiff argues that the ALJ erred in discounting Dr. Ferguson's opinion as to his restriction to simple, routine work based on his ability to manage his own business, because the ALJ's decision overstates the job responsibilities involved in his prior courier work. Dkt. 11 at 6-7. Indeed, the Court finds no evidence that Plaintiff's courier work was akin to management of a business. *See* AR 47-49, 217-21, 672. Furthermore, Dr. Ferguson indicated that Plaintiff could perform work requiring a "minimum of stress[,]" but did not purport to provide an exhaustive definition of that restriction. She found that "right now[,]" Plaintiff would be restricted to routine, simple work, but her phrasing contemplates a broader stress-related restriction. The Court agrees with Plaintiff that the ALJ's reason to discount Dr. Ferguson's simple, routine work is not supported by substantial evidence and that the ALJ also read Dr. Ferguson's opinion in this respect in an overly narrow manner.

Plaintiff goes on to argue that the ALJ erred in discounting Dr. Ferguson's opinion based on her comment that many of Plaintiff's symptoms were connected to his coping with chronic pain and physical limitations. Dkt. 11 at 7. The Court agrees: the ALJ failed to provide a legitimate explanation of how this comment undermines Dr. Ferguson's opinion regarding Plaintiff's mental limitations.

Because the ALJ erred in assessing Dr. Ferguson's opinion, the ALJ must reconsider this opinion on remand. Plaintiff's argument notwithstanding (Dkt. 16 at 9), Dr. Ferguson's opinion

does not necessarily describe disabling limitations, such that if it were credited it would require a finding of disability, and thus the Court finds that further proceedings would serve a useful purpose.

### 3. Dr. Hopfenbeck

Dr. Hopfenbeck examined Plaintiff in May 2020 and wrote a narrative report and completed forms describing Plaintiff's symptoms and limitations. AR 1823-49. Dr. Hopfenbeck opined that if Plaintiff attempted to work, his "severe PTSD and depression would [] be a strong barrier to being able to maintain focus, relate to others, or otherwise be accommodated." AR 1830. Dr. Hopfenbeck also indicated that he did "not think [Plaintiff] will be able to secure or hold anything close to a full time job in the foreseeable future[.]" *Id*.

The ALJ found Dr. Hopfenbeck's opinion unpersuasive because it was not supported by or consistent with the longitudinal evidence or Dr. Hopfenbeck's objective findings. AR 26. Specifically, the ALJ found that Dr. Hopfenbeck's objective testing was mostly normal, and that the restrictions Dr. Hopfenbeck described appear to be based on Plaintiff's subjective reporting rather than clinical findings. *Id*. The ALJ also found Dr. Hopfenbeck's opinion that Plaintiff was unable to work at the time of his amended alleged onset date to be inconsistent with Plaintiff's minimal mental health treatment during the adjudicated period as well as his denials of mental complaints during the period. *Id*.

Plaintiff contends that Dr. Hopfenbeck did not unduly rely on subjective reporting. Dkt. 11 at 10-11. Even if Plaintiff is correct on this point, any error is harmless because the ALJ provided other valid reasons to find Dr. Hopfenbeck's opinion unpersuasive, namely Plaintiff's lack of mental health treatment during the period and Plaintiff's denial of symptoms during the period. AR 26. As described *supra*, substantial evidence supports these findings, and the ALJ

did not err in finding that the scant evidence of mental complaints and treatment during the adjudicated period undermined Dr. Hopfenbeck's opinion as to the extent of Plaintiff's limitations during the adjudicated period. *See Flaten v. Sec. of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (finding that in assessing medical opinions an ALJ may properly consider the level or frequency of treatment for allegedly disabling conditions over the course of a claimant's history of medical care).

### 4. Dr. Nicholson

In October 2016, Dr. Nicholson examined Plaintiff and completed a form the following month describing Plaintiff's psychological diagnoses and symptoms. AR 1338-47. Dr. Nicholson indicated that, *inter alia*, Plaintiff's impairments would result in "occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although [he is] generally functioning satisfactorily, with normal routine behavior, self-care and conversation[.]" AR 1339.

The ALJ did not assess Dr. Nicholson's opinion in the decision, and Plaintiff argues that the ALJ erred in failing to do so. Dkt. 11 at 8-9. Because this case must be remanded for the ALJ to reconsider Dr. Ferguson's opinion, the ALJ will have the opportunity to explicitly discuss Dr. Nicholson's opinion for the first time on remand.

//
//
//
//
//
//

**CONCLUSION**

The Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings. On remand, the ALJ shall reconsider the opinions of Drs. Ferguson and Nicholson and either credit them or provide legally sufficient reasons to discount them. The ALJ may also reconsider any other part of the decision as necessary.

Dated this 26th day of July, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge